UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22186-CIV-KING/GARBER

KALOE SHIPPING CO., LTD.,

        Plaintiff,

v.

GOLTEN SERVICES COMPANY, INC.,

        Defendant.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court on Defendant's Omnibus Motion to Compel Discovery and Motion for Sanctions (D.E. #23) and upon Plaintiff's Response (D.E. #37) to the Court's Order to Show Cause (D.E. #36). On May 25, 2007, the Court held a hearing regarding these matters.

### Order to Show Cause

Plaintiff has shown sufficient cause for any potential delinquency[1] in its provision of notice of a potential conflict with this Court's hearing scheduled for May 1, 2007, and the Court therefore DISCHARGES the Order to Show Cause (D.E. #36).

### Discovery

Defendant contends that Plaintiff has provided many inadequate answers to interrogatories and has failed to either provide requested, relevant documents or to provide legally sound reasons for failing to produce those documents. See D.E. #23.

---

[1] The Court does not need to, and therefore will not, determine whether Plaintiff could have or should have given notice at an earlier date because even if Plaintiff could have or should have done so, Plaintiff has provided sufficient justification for its failure to do so and therefore has demonstrated that there is no basis upon which to sanction Plaintiff.

The Court agrees that in the interrogatories and document requests at issue, Defendant seeks evidence that meets the low standard of relevance which the Federal Rules of Civil Procedure and Evidence contemplate, *i.e.*, the requested information either is likely to be admissible or is likely to lead to the discovery of admissible evidence. *See, e.g.*, Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."); *United States v. R&R Props. of Lake County, Inc.*, 433 F.3d 1349, 1359 (11th Cir. 2005) (Under the Federal Rules of Civil Procedure, discovery is limited to 'matter [s], not privileged, that [are] relevant to the claim or defense of any party . . . . *Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence*.'") (quoting Fed. R. Civ. P. 26(b)(1)) (alterations and omission in original) (emphasis added); *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002);[2] *BB In Tech. Co., Ltd. v. JAF, LLC, Aerospace Engineering Group USA, Inc.*, --- F.R.D. ---, ---, 2007 WL 1203008, at *7 (S.D. Fla. Mar. 30, 2007) (J. Ungaro) (Discussing "the liberal pleading *and discovery requirements* set forth in the Federal Rules of Civil Procedure.") (emphasis added); *United States v. Certain Real Prop.*, 444 F. Supp. 2d

---

[2] As the Eleventh Circuit made clear in *Tinoco*, among other decisions, this Court has broad discretion to determine whether evidence is relevant and/or admissible or could lead to the discovery of admissible evidence. *See Tinoco*, 304 F.3d at 1120; *see also, e.g.*, *In re Ford Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003).

1258, 1262 (S.D. Fla. 2006) (Magistrate J. Hopkins) ("In construing the permissible limits of discovery, the United States Supreme Court has stated, The key phrase in this definition- 'relevant to the subject matter involved in the pending action'-has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.") (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S. Ct. 385, 388 (1947)).

After due consideration, it is **ORDERED** that:

(1) Defendant's Omnibus Motion to Compel Discovery and Motion for Sanctions (D.E. #23) is GRANTED in part and DENIED in part. As outlined below, the Court GRANTS Defendant's Motion to Compel Discovery. The Court will not, however, impose sanctions against Plaintiff at this time.

(2) The Court's Order to Show Cause (D.E. #36) is DISCHARGED.

(3) With respect to documents and/or information which Plaintiff has not produced because it claims that it is unable to find the documents and/or information, on or before **12:00 p.m. on Friday, June 8, 2007**, Plaintiff shall file affidavits of records custodians and/or all other persons who attempted to locate the documents at issue. In those affidavits, those individuals shall detail *with specificity* all actions which they or any other representatives of Defendant took, and when they took those actions, in an attempt to locate the documents at issue. Plaintiff shall also provide to Defendant the names, positions, addresses, and telephone numbers of (a) those affiants and (b) any other persons involved in the unsuccessful search for the documents at issue.

(4) With respect to all other interrogatories and requests for production to which Defendant claims Plaintiff has not adequately responded, the Court directs Plaintiff to completely answer those interrogatories and provide the requested documents on or before **12:00 p.m. on June 8, 2007**. This

ruling applies not only to interrogatories and requests for productions to which Plaintiff may have *completely* failed to respond, but also to interrogatories and requests for production to which Plaintiff responded but to which Defendant contends - and the Court agrees - that Plaintiff's responses were inadequate. Plaintiff shall answer those interrogatories and provide the requested documents *consistent with Defendant's requests and with Defendant's objections to Plaintiff's previous answers/documents produced, as outlined in Defendant's Omnibus Motion and at the May 25, 2007, hearing*, on or before **12:00 p.m. on June 8, 2007**.

In part because of the amount of time which Plaintiff has had to prepare the responses and documents at issue in anticipation of the possibility that the Court would order production of those responses and documents, Plaintiff is on notice that the Court is unlikely to extend the deadlines outlined in this Order and will do so only for reasons which not only constitute cause but also are out of Plaintiff's control.

DONE AND ORDERED in Chambers at Miami, Florida this 31th day of May, 2007.

*/s/ Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies supplied to:
United States District Judge James Lawrence King
Counsel of record