UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22186-CIV-KING

KALOE SHIPPING CO. LTD.,

    Plaintiff,

v.

GOLTENS SERVICE COMPANY, INC.,

    Defendant.

_____/

### ORDER DENYING PETITION FOR REHEARING

**THIS CAUSE** comes before the Court upon Defendant Goltens Service Company, Inc.'s ("Goltens") Motion for Reconsideration (DE # 190) filed February 21, 2011. Defendant has asked for rehearing contending that trial courts cannot grant summary judgment where it is clear that a non-moving party's response and proffer to the moving party's motion for summary judgment establishes the non-moving party's entitlement to summary judgment in its favor.

    This case has been proceeding for six years. Defendant had ample opportunity to take any discovery it wished to take. On October 10, 2010, only a few weeks prior to the Court's ordered discovery cut of November 3, 2010, Defendant moved to compel the production of certain discovery documents (DE # 151). On December 3, 2010, Magistrate Judge Bandstra compelled Plaintiff to supplement and provide discovery not yet furnished, within ten days of his order (by December 13, 2010) (DE # 171). The Court, in light of Judge Bandstra's ruling, and

despite the fact that Defendant waited until the last minute to move to compel discovery gave Defendant (and Plaintiff) another opportunity to submit discovery and supplement their motions for summary judgment. Thus, on January 20, 2011, the Court invited the parties to submit supplemental briefs that could aid the Court in consideration of the pending motions (DE # 178). The parties were also ordered to provide legible copies of the contracts at issue in Plaintiff's Count I. (DE # 177). In response, Defendant did not furnished any further information on the crucial issue addressed in Count I's breach of contract, or any other claim for that matter, to supplement its Motion for Summary Judgment.[1] In analyzing and deciding Defendant's Motion for Summary Judgment, it became abundantly clear that all the evidence in the record supported Plaintiff's position that Defendant breached the contracts. Defendant had not refuted Plaintiff's proof with any credible evidence. The Court exercised its discretion, and entered summary judgment for Plaintiff.

Defendant now moves for reconsideration, asserting that the Court lacks jurisdiction to enter summary judgment for a party who has not moved for it, without providing notice to the parties. Defendant contends it was not given notice that the Court would be considering the issue of whether the contracts were breached, despite the fact that it moved for summary judgment on Plaintiff's breach of contract claim. Defendant erroneously suggests that the Court should have *only* considered the aspects that Defendant raised in its Motion, and not the central issue of breach, raised by Plaintiff's claim.

In support of its position, Defendant relies on *Celotex Corp. V. Catrett*, 477 U.S. 137

---

[1] Defendant provided legible copies of two of the three contracts at issue, which the Court considered.

(1986) (district courts possess the power to enter summary judgment sua sponte, but must temper their exercise of that power by providing adequate notice that they must bring forward all of their evidence); *Massey v. Congress Life Ins.*, 116 F.3d 1414 (11th Cir. 1997) (parties must be given adequate notice that they present all of their evidence); *Morningstar Healthcare, LLC v. Greystone & Co., Inc.*, 294 Fed. Appx. 542 (11th Cir. 2008) (entry of summary judgment was affirmed because parties received adequate notice and were afforded an opportunity to argue its position prior to the entry of judgment).

The above-mentioned cases are consistent with case law holding that under these circumstances, where: 1) Defendant had full opportunity to develop all relevant discovery; and 2) produced no evidence to refute Plaintiff's breach of contract claim; and 3) Plaintiff's claim was clearly established in the record, the Court not only has the authority, but the duty to grant summary judgment to the entitled, non-moving party. *See e.g.*, Fed.R.Civ. P. 54(c) (requiring the Court to grant the relief to which a party is entitled, "even if the party has not demanded such relief in the pleadings); *Marshall v. Sunshine and Leisure, Inc.*, 496 F.Supp. 354, 359 (D.C.Fla., 1980) ("Despite the absence of an agreement between the parties that a case may be decided by summary judgment, "the weight of authority is that summary judgment may be rendered in favor of the opposing party even though he has made no formal cross-motion under Rule 56" citing *Bank of Lexington v. Jack Adams Aircraft Sales*, 416 F. Supp. 17, 20 (N.D. Miss.1976), rev'd on other grounds, 570 F.2d 1220 (5th Cir. 1978), quoting Wright & Miller, Federal Practice and Procedure s 2720 at 467-68). It appears to be the Defendant's position that the *only* notice that would have been sufficient for Defendant would have been the entry of an order instructing the parties of the Court's intent to rule against Defendant, on the breach of contract claim.

In an abundance of caution, the Court reviewed both affidavits Defendant has proffered, which Defendant suggests creates an issue of fact over the breach of the contract, and cause of damage to the Vessel, as established by Plaintiff's expert, Ivo Knobloch ("Knobloch").[2] Knobloch's tests are based on his personal evaluation of the condition of the engine and cause of the damage based on his expertise as a marine surveyor. In the first Affidavit, Defendant's Vice President, Arild Kirkeby, simply purports to give his opinion on what the contract called for, and does not, in any way refute the sworn expert testimony of Knobloch. Neither does the second Affidavit, wherein Lennart Rosengren, Defendant's engineer, gives his opinion based on a review of the "various documents relating to the above-captioned matter, including the three contracts entered into by Goltens." In his Affidavit, Rosengren does not state that he was ever on the Vessel, or had an opportunity to directly examine the Vessel at the time of the breakdown. The Court does not need an expert to aid it in interpreting the contracts. Therefore, even if filed concurrently with Defendant's Motion for Summary Judgment, it would not have met the requirements of the case law, as set forth in the Court's Order Granting Summary Judgment (DE # 188) requiring refutation of an opponent's proof.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED and DECREED** that Defendant Goltens Service Company, Inc.'s Motion for Reconsideration (DE # 190) be, and the same is hereby **DENIED.**

---

[2]The Court notes that although Defendant filed its Motion for Reconsideration on February 21, 2011 (DE # 190) stating that it had additional evidence but was saving it for trial, both affidavits provided to the Court were sworn to on February 23, 2011, two days after Defendant filed its Motion.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 24th day of February, 2011.

_____
JAMES LAWRENCE KING
DISTRICT JUDGE

cc:   *Counsel for Plaintiff*

**Michael T. Moore**
Moore & Company
355 Alhambra Circle
Suite 1100
Coral Gables, FL 33134

**Scott Andrew Wagner**
Moore & Company
355 Alhambra Circle
Suite 1100
Coral Gables, FL 33114

cc:   *Counsel for Defendant*

**Donna Ellen Albert**
Donna E. Albert & Associates
3000 NE 30th Place
Suite 309
Fort Lauderdale, FL 33306
**Marvin Kurzban**
Kurzban Kurzban Weinger & Tetzeli
2650 SW 27th Avenue
2nd Floor
Miami, FL 33133